# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

William Snowden, Jr.,                                        Case No.: 4:17CV208

          Petitioner,

    v.                                                                **ORDER**

Charmaine Bracy,

          Respondent.

This is a timely habeas corpus case in which, after referral, the Hon. William H. Baughman, Jr., United States Magistrate Judge, has filed his Report & Recommendation. (Doc. 20). Petitioner has filed objections (Doc. 21), the respondent has filed a response thereto (Doc. 22), and the petitioner has filed a reply. (Doc. 24). The petitioner has also filed a motion to apply the "legal innocence" (*sic*: actual innocence) standard. (Doc. 23).

Finding, on *de novo* review of the Report & Recommendation and after due consideration, no merit to petitioner's objection or his motion, I adopt the Report & Recommendation as the order of this court, deny the motion as moot, and dismiss the petition with prejudice.

In addition, I decline to grant a Certificate of Appealability, as jurists of reason could not reasonably disagree with either the result or rationale of the decision to dismiss the petition for habeas corpus relief.

## Background

In the early morning hours of July 20, 2013, a police officer arrested the petitioner after the officer saw the petitioner crossing the center line. In due course the petitioner plead no

contest to two of the four ensuing charges of operating a vehicle while impaired (OVI). As a repeat offender with multiple OVI convictions over twenty years, the petitioner received two consecutive one-year sentences.

In the instant proceeding petitioner claims that the sentence he received does not exist under state law and the sentencing court lacked jurisdiction, so that his sentence was void *ab initio*. As is pertinent here, his direct appeal challenged his sentence as a violation of equal protection. That appeal included none of the additional claims he brings in this habeas corpus case. Nor did his subsequent appeal to the Ohio Supreme Court, which the intermediate appellate court facilitated by certifying a conflict as to its rejection of petitioner's constitutional challenge to his sentence. The Ohio Supreme Court affirmed the appellate court's rejection of petitioner's challenge.

Petitioner first raised his present habeas claims in a state habeas corpus petition in the Ohio Supreme Court. That Court summarily dismissed that petition.

Petitioner asserts four grounds for relief:

1. My 5th and 14th Amendment constitutional rights were violated. I was imprisoned on a void on its face judgment. The sentence imposed upon me does not exist in the Ohio Revised Code for 4th degree felony OVI. The court sentenced me to two, one year mandatory prison terms to be served consecutive [sic]. This sentence is illegal and void.

2. The court violated my 5th and 14th Amendment rights to due process and equal protection [when] the court convicted without jurisdiction. The state erroneously charged [sic] the indictment, to charge and convict a repeat felony OVI offender. This error removed jurisdiction from the court because it was without the legal authority to act. If the court would have followed the letter of the law at sentencing my conviction would have been impossible.

3. My 5th and 14th Amendment constitutional rights were violated when the court failed to make findings for [a] prison term. Before the court can impose a prison term for a non-violent 4th or 5th degree felony in the state of Ohio, the court must make a mandatory finding contained in 2929.13(B)(1)(a) or (B)(1)(b). If the court cannot make a finding, community controll [sic] sanctions are mandatory.

> 4. My 6th Amendment rights were violated when I was convicted without the effective assistance of counsel. The Court, the Prosecutor and my own attorney did not know the penalties that I faced as a Defendant. I was threatened with a ten year mandatory prison term if I went to trial. I was given an illegal two year mandatory prison term. My attorney never objected. He waived my pre-sentence investigation that would have stopped the prison term.

(Doc. 20 at 4-5 (quoting Doc. 1 at 5-10)).

## Discussion

First: as to all petitioner's contentions about ineffective assistance of counsel (IAC), except for what he raised (only in the Court of Appeals), *see Ohio v. Snowden*, 11th Dist. Trumbull No. 2014-T-0092, 2015-Ohio-2611, 2015 WL 3964670, *3, *aff'd mem.*, *Ohio v. Snowden*, 60 N.E.3d 1252 (Ohio 2016), petitioner has presented none of the IAC grounds to the state courts. Thus, whether due to procedural bar or otherwise, the IAC claims are not properly before me. There was no error in denying relief as to any and all IAC claims.

Petitioner's challenges to his sentence are likewise unavailing. Those challenges, such as his claim that his no contest plea was coerced, have never been raised in state court and thus are not properly before me.

His challenges to his sentence, whether based on alleged lack of jurisdiction, defects in the cumulative punishment provisions, or due process and equal protection likewise do not merit relief.

He has not challenged the trial court's jurisdiction in state courts; thus, he cannot do so here. In any event, such challenges are not cognizable in a habeas proceeding: "A determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (*per curiam*).

The Court of Appeals, with the Ohio Supreme Court affirming, resolved petitioner's challenge to the lawfulness of his sentence under state law. *Snowden*, *supra*, 2015 WL 3964670, *aff'd mem.*, 60 N.E.3d 1252. As a state court interpretation of the legality of a sentence under state law, that decision is not cognizable on federal habeas corpus review. *E.g.*, *Walden v. Huss*, 2019 WL 2996187, at *2 (E.D.Mich.).

To the extent that petitioner seeks to assert other non-constitutional challenges to his sentence, his claims collide head-on with fundamental procedural principles: "[R]es judicata will apply when a defendant raises piecemeal claims . . . that could have been raised on direct appeal. . . ." *Ohio v. Rangel*, 11th Dist. Lake No. 2018-L-102, 2019-Ohio-1845, 2019 WL 2085824, *2. More specifically, "res judicata applies to bar raising piecemeal claims in successive postconviction relief petitions . . . that could have been raised, but were not, in the first post-conviction relief petition. . . ." *Ohio v. McCain*, 2d Dist. Montgomery No. 27195, 2017-Ohio-7518, 2017 WL 3971656, *5 (citations omitted).

In light of the state law prohibition against piecemeal presentation of claims, the state courts would deny relief on the basis of procedural default. Such denial would, and does, given petitioner's failure to enunciate adequate cause and resulting prejudice, bar review in this proceeding. The Magistrate Judge thus correctly applied *res judicia* principles to find that, under state law, petitioner, due to his procedural default, cannot bring the claims he asserts for the first time here. It is indisputable that petitioner's default (failing to assert all his challenges on direct appeal), being unexplained or excused on a showing of cause, is precluded from federal habeas review.

Finally, the decision in *Snowden*, *supra*, 2015 WL 3964670, cut the constitutional underpinning out from underneath the petitioner's renewed constitutional claims. He bottoms his

claims of equal protection and due process violations on the contention that the OVI repeat offender provisions did not, by their own terms, require cumulative sentences. As a result, the door was open to unlimited discretion, thereby, petitioner postulates, allowing discriminatory sentencing.

In *Snowden*, *supra*, 2015 WL 3964670 at *3 (quoting *Ohio v. Hartsook*, 21 N.E.3d 617, 631 (Ohio App. 2014)), the court stated: "the language of the respective [OVI repeat offender] statutes clearly indicates that the General Assembly intended R.C. 4511.19 and R.C. 2941.1413 to authorize cumulative punishments for a single OVI offense by a repeat offender."

This determination of the meaning of a state statute is conclusive, and not subject to federal court second-guessing: "[W]hen a federal habeas court determines," as I have here, ". . . a state legislature intended to authorize separate, cumulative punishments under the circumstances presented, the [Federal] Court 'must accept the state court's interpretation of the legislative intent for the imposition of multiple punishments.'" *Nelson v. Trierweiler*, 2019 WL 1977422, *6 (E.D.Mich.) (citing *Brimmage v. Sumner*, 793 F.2d 1014, 1015 (9th Cir. 1986)).

**Conclusion**

I overrule the petitioner's objections to Magistrate Judge's Report & Recommendation, though, to some extent, I take a somewhat different pathway to reach the same conclusions that he did. In the end, in any event, the results are the same.

It is, accordingly, hereby

ORDERED THAT:

1. The Magistrate Judge's Report & Recommendation (Doc 20) be, and the same hereby is adopted as supplemented herein;

2. Petitioner's objections to the Magistrate Judge's Report & Recommendation (Doc. 21) be, and the same hereby are overruled;

3. The petition for habeas corpus relief (Doc. 1) be, and the same hereby is denied and dismissed, with prejudice; and

4. Petitioner's motion to apply "legal innocence" standard (Doc. 23) be, and the same hereby is denied.

Jurists of reasons could not reasonably dispute the result reached herein or its rationale. I decline, therefore, to issue a Certificate of Appealability.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge